I'm hoping to reserve maybe three minutes of rebuttal. We'll see how it goes, if I can pay attention. Good morning, your honors. May it please the court. My name is Andrew Kaufman. I represent the petitioners. This case is here on petition for review of a decision of the Board of Immigration Appeals denying a motion to reopen. And the BIA denied the motion to reopen based on an impermissible fact finding that the petitioners were not credible. The BIA refused to accept as true the petitioners' claims in their motion to reopen. And the primary basis for rejecting their claims was the fact that there had been an adverse credibility finding in a separate proceeding in their previous asylum case before the immigration court. The BIA has – we have to give deference to the BIA in this decision, right? To some extent. It's an abuse of discretion decision on a motion to reopen, correct? To some extent, the court should defer to the BIA, but not when the BIA abuses its discretion. So what is my standard of review there? It seems to me that Shushan Yang v. Lynch would say that the BIA must credit evidence supporting a motion to reopen. That would be what you're arguing. Unless that evidence is inherently unbelievable. Yes, Your Honor. So was there any determination by the BIA that the evidence was inherently unbelievable? I don't think there was. The BIA did recite that standard in its decision. But when it conducted its analysis of the motion to reopen, it did not state that the petitioner's claims on their motion to reopen were inherently unbelievable. It stated that it would not accept them as true because they had already been found to be untruthful in an earlier proceeding. But weren't they the same allegations that have been made in the earlier hearings? They were not the same allegations. Well, they were the same, plus there were some additional ones. But largely, the affirmance in the motion to reopen tracked, in fact, I think identical to what was alleged in the initial hearing. So the petitioner's affidavit in support of the motion to reopen did restate the facts that she had stated in her asylum declaration. But she attested to additional facts that it happened after the asylum claim had been denied. And those additional facts have to constitute changed country conditions because the petition for it to reopen was more than 90 days after the BIA determination. So the question is, did the BIA not follow its rules in determining that no changed country conditions were made out in the new affidavits? Well, so, Your Honor, the BIA did not state whether, assuming the facts were true, whether that would have constituted a change in the petitioner's circumstances. The BIA simply said, we don't accept the facts as true, so we deny this motion to reopen. And that's what their decision boils down to. So it seems to me that your argument is that at least as to a motion to reopen, one must credit the claims as true unless one says they are inherently unbelievable. At that point, you need not credit them as true. But then credit them as true, you grant the reopening, and then you can throw them out after reopening? If, after reopening, an evidentiary hearing is held and the claim is found not to be credible, then the new claim could be denied. But even though the credibility determination made in the last hearing would probably be equally made in a new hearing, nonetheless, in a motion to reopen, one has to credit them as true. Well, Your Honor, it's not our position on appeal in this court to decide whether the claim would likely be thrown out if there was a new hearing. We have to assume that those facts are true unless they're inherently unbelievable. And I do not think that the facts that the petitioner alleged, the new facts that she alleged in her declaration, can be found true. What new facts did she allege? She alleged that her sister had thrown a, had conducted a ceremony on the 20th anniversary of their father's death in India, and that the police raided their house, accusing them, saying that the petitioner had moved back to India and that they were hiding her in the house. And the police arrested the petitioner's sister, physically beat her and abused her, and issued death threats against the petitioner herself, and ordered the petitioner's sister to make the petitioner appear in the police station in India. They also raided the petitioner's parents-in-law's house and issued similar threats there. This happened in 2011, after the petitioner's asylum claim had been finally decided. So, your position is that those allegations are sufficient to make a clear and convincing case that there were changed country conditions? It was a change in the petitioner's personal circumstances that rendered her eligible, primathecia eligible, for asylum. But your argument here is not that they were sufficient or they were insufficient. Your argument here, as I understand it, is you don't get to that because they didn't regard the evidence as true. Yes, well, Your Honor, I... I got the idea that you were even arguing that the I.J. didn't get to the idea, or excuse me, the B.I.A. didn't even get to the idea as to whether there were changed country conditions. That, they would have had to refer to the I.J., as I understand it. Yes, Your Honor. The B.I.A. said, we will not find that there were changed country conditions or changed circumstances because we don't accept any of the claims made in their declaration as true. And the basis for finding their claims untrue was an impermissible basis, as this court found in the Xiuqin Yang case. They said, simply because an I.J. had previously found them not credible, we're not going to find them credible here. What about Tufiq? I don't know whether that's how you say it, T-O-U-F-I-G-H. What about Tufiq? Because Tufiq, the B.I.A. said, we're not suggesting it's untrue, we're just suggesting it's irrelevant. Therefore, we need not consider it. So, in... I'm not familiar with that line in particular. I am familiar with this case. One may disregard evidence as irrelevant, but that does not make it untrue. Well, the B.I.A. specifically said, we do not regard her claims as true because she was found to be untruthful in a separate proceeding. And that's exactly what the Xiuqin Yang case found to be impermissible. Now, you're referring or paraphrasing the August 13, 2012 opinion? Yes, Your Honor. Well, what it says is, considering the totality of the evidence before us, presumably what was heard before, and the additional environments of this affidavit, we do not accept as true the most recent variant of the professed factual claims. It's not exactly the same as we don't accept them as true. So, they did specifically say, we do not accept their claims as true. They did say also that it's based on the totality of the evidence. But I would argue that, one, the primary basis for making that finding was the fact that they had been found not credible before. And that is not permissible. Although, isn't it most recent variant, isn't the meaning of that, that they looked at the prior decision, and then they looked at the additional environments, and together, then they determined that they would not accept them as true? That's not acceptable? I don't think that what the BIA did is acceptable. The question is only whether the claims are inherently unbelievable. And the BIA did not make a case that the claims they made are inherently unbelievable. Well, if we go back to the Figge case, the court concluded there was no abuse of discretion to view the new affidavit in conjunction with the original adverse credibility findings. So, isn't that what happened here? There was a really key distinction in the Tofighi case. And that is that, in that case, the BIA found that the changed country conditions with respect to Christians in Iran, that was what was at issue in that case. Even if there had been changed country conditions with respect to Christians in Iran, they wouldn't apply to Tofighi because Tofighi had been found conclusively in a different proceeding not to be a Christian. But in this case, there was no affirmative finding that the petitioners were liars or that they were not who they claimed to be. They were just found not to have presented credible evidence to carry their burden of proof. So, in Tofighi, there was a very specific affirmative finding. He is not a Christian. And this court said, we can't disturb that finding on appellate review. But that's not applicable to this case. I don't think that it paralyzes it. I'm sorry we've taken you past your time. We'll give you a minute for a rebuttal. Thank you, Your Honor. Good morning, my pleas to the court. Brendan Hogan for the government. In the present case, the petition for review should be denied because the board properly exercised its discretion in denying it. Let her speak up a little higher. I apologize. In the present case, the petition for review should be denied because the board properly exercised its discretion in denying it. Mr. Hogan, let me go over the board's decision. Page four of the record. The portion that's been read by Judge Rubenio. We do not accept as true the most recent variant of the professor's actual claims. The most recent variant included the sister's affidavit, which talked about a different event totally, which was the 20th anniversary of the death of the father and how the police broke up the celebration at the house and then how she had been beaten. That wasn't a recent variant of a prior testimony. It's all right to disregard the testimony already found not credible by the petitioner Tower. But listen on the grounds that the affidavit of the sister was disdained by the Board of Immigration Appeal. It is a copy. What does that have to do with it? From an interested witness. What does that have to do with it? Not accompanied with an envelope. What does that have to do with credibility? Well, you're right. More speculative. And it's not speculative when she says, I was beaten up. They broke into our ceremony. The police did. Why didn't the BIA simply err in not accepting as true the allegations of the sister's affidavit, which is not a variant of what was presented earlier? Well, Your Honor, first, as was pointed out earlier, the board noticed that it was considering the totality of the circumstances, meaning it was not just the credibility concerns but just the nature of all the evidence provided. When it considers the totality of the circumstances and describes it as the most recent variant, it seems to be saying the new testimony is nothing different from the old testimony. And it is. It has a different witness. It has a different event. It has a different beating. But that event, Your Honor, was tied to the previous events that were found incredible at page 54. Well, it was found incredible when the petitioner testified to it. But here we have somebody else, the sister, filing an affidavit. Don't tell me that it was self-serving because I've never understood why self-serving should be a basis for rejecting something. If evidence isn't self-serving, you shouldn't present it. Yes, Your Honor, but in this case, the sister is alleging that the police in India were harassing and detaining her for the same reasons that were previously asserted in the underlying asylum application. That isn't what the BIA said. The BIA doesn't say that. The BIA starts talking about the reason we're going to send it and throw it out is because it's a copy. Well, that's true. He's going to throw it out because it comes from an interested witness. It has nothing to do with whether one's credible or not. It's not accompanied by an envelope. I wondered why the heck they came up with that. Well, Your Honor, what you have here is you don't have an original document, and there's no indication how the petitioner has received it from overseas. But that doesn't have anything to do with it. If you're to accept that as credible, unless you say on the record, this is inherently unbelievable, that's what Yang says, how do you get there? Again, Your Honor, just given that it was not an original document, what does they have to know? Did they ever make any determination that any of this evidence was inherently unbelievable? They have to say no. On this record, it does not appear that they made an express finding that it was inherently unbelievable. If they didn't, then the credibility determinations on a motion to reopen are inappropriate. So says Yang. But the difference between this case and that case, Your Honor, is that it has nothing to do with the difference. It has to do with applying what they said. BIA must credit evidence supporting a motion to reopen unless that evidence is inherently unbelievable. Credibility determinations on motions to reopen are inappropriate. The BIA cannot apply the falsus maxim, which means false one place, therefore false every time, in a motion to reopen. That's what that case says. Seems like that's exactly what happened here. Well, with respect, Your Honor, one of the differences, though, is that the majority of the affidavit references events that were already discussed at the prior hearing. So what? But the whole reason that the police showed up to accost the sister was the same motivations, which- So what? But it's cumulative in that affidavit. No, it's just that you are now making a credibility determination on evidence you have to say is credible on a motion to reopen. I mean, if I have something in front of me and it's submitted in affidavit, it doesn't matter unless I'm going to find it's inherently unbelievable. I have to credit it as true and then make a determination. That's what Yang says, and it doesn't seem like they did that here. Yeah, Yang did come out after this board issued its decision. Well, nonetheless, Yang is in the pipeline. We've got to send it back and let the BIA decide it again. If it's palatable, use that as the proper procedural posture of the case, then it would be better for the board to address that in the first instance. Let me ask you about this. It says here that a motion to reopen shall be supported by affidavits or other evidentiary material. That's what 8-1229AC-7B says. So how can the BIA discount evidence because it wasn't an affidavit? Again, because, Your Honor, I think there was no indication. Are you referring to the respondents? I'm talking to petitioners. Well, in this case, it wasn't sworn before a notary public. They don't need an affidavit. They need only affidavits or other evidentiary material. But, again, given before Yang came out. Well, this isn't anything to do with Yang. This has to do with 8-USC-1229AC-7B, which says it can be an affidavit or other evidentiary material. So they throw it out because it isn't an affidavit. They haven't supported the standard, have they? But, again, Your Honor, one of the board's concerns in this case was that there was no other evidence presented, that there was no... They really don't need an affidavit. Do they, based on this statute? But they need some kind of reliable evidence, Your Honor. They need other evidentiary material, which they had. They had no other evidentiary material, Your Honor. There was no background evidence submitted in this case. It was just the petitioner's statement and her sister's statement. And while the motions reopened and the brief referenced the country conditions evidence, nothing else was submitted in this case. Let me throw you a lifeline. Is it your position that even if we credit all the evidence that was presented in the sister's affidavit, that that still doesn't justify a motion to reopen? Yes, Your Honor. A remand would be futile in this case because, again, it's simply cumulative of all prior incidents. But just a minute. Did the BIA ever reach that conclusion? Not expressly, Your Honor. So then there's no lifeline. Because if the BIA doesn't reach it, I have no power to determine that on appeal without any foundational decision by the BIA, do I? I don't think, Your Honor, we'll buy this argument. But the only argument counsel can assert is that remand would be futile. Okay. Thank you. Thank you, Your Honor. Thank you. You have a minute for a rebuttal. So I guess with this last minute, I would like to address, Your Honor, your concern about whether even if the claims are credited as true, whether they outweigh the circumstances. Well, I think Judge Smith has answered my question, that it's a very nice question, but it's irrelevant. I would agree, Your Honor. So I think that's everything I have to say. All right. Thank you. Thank you. All right. The case of Customer Successions will be submitted.
judges: Bea, N.R. Smith, Robreno